11-4701-cv
XAC, LLC et al. v. Deep

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT:
>           BARRINGTON D. PARKER,
>           RAYMOND J. LOHIER, JR.,
>           SUSAN L. CARNEY,
>                   *Circuit Judges.*

_____

XAC, LLC, fka Amici LLC, XEROX CORPORATION,

>           *Plaintiffs-Consolidated-*
>           *Defendants-Counter-*
>           *Defendants-Appellees*,

iDEAL APPLICATIONS, LLC,

>           *Consolidated-Defendant-*                    11-4701-cv
>           *Appellee*,

>       v.

JOHN A. DEEP,

>           *Defendant-Consolidated-*
>           *Plaintiff-Counter-*
>           *Claimant-Appellant.*

_____

FOR APPELLANT:                          JOHN A. DEEP, *pro se*, Cohoes, NY.

FOR APPELLEES:                          CRAIG M. CRIST, Dreyer Boyajian LLP, Albany, NY (William J. Dreyer, Dreyer Boyajian LLP, Albany, NY; Gregory A. Markel, Cadwalader, Wickersham & Taft LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant John Deep appeals from the District Court's judgment entered October 11, 2011. On appeal, Deep argues that he has a viable cause of action for copyright infringement as the equitable or beneficial owner of the software at issue.[1] He asserts that the District Court erred by (1) dismissing his copyright claim and granting declaratory relief to plaintiffs limiting his rights in the software at issue and (2) denying his motion pursuant to Federal Rule of Civil Procedure 56(d)[2] and his motion to strike certain portions of and exhibits to the declarations of William J. Dreyer, counsel for appellees. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

[1] Deep does not challenge the District Court's dismissal of his state law claims, nor does he challenge its dismissal of his copyright claim under a theory of legal ownership.

[2] Deep's motion was brought pursuant to former Federal Rule of Civil Procedure 56(f). In 2010, subdivision 56(d) incorporated what had formerly been Rule 56(f) without substantial change.

"We review an order granting summary judgment de novo, drawing all factual inferences in favor of the non-moving party."  Viacom Int'l, Inc. v. YouTube, Inc., 676 F.3d 19, 30 (2d Cir. 2012).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Because Deep is proceeding pro se, we liberally construe his submissions on appeal, Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), but do not afford the same latitude to the submissions of his former counsel to the District Court.

I.    Copyright Claim

Deep argues on appeal that he is the equitable or beneficial owner of the software at issue and is entitled to a constructive trust on the copyright because his former attorneys committed legal malpractice by failing to protect his intellectual property.  Appellees argue that Deep failed to make this argument to the District Court and therefore cannot raise it on appeal.  Deep argues that he raised the issue to the District Court in his affidavit in opposition to summary judgment and in connection with his motion to strike and for an order to show cause.  However, at oral argument on plaintiffs' summary judgment motion, when Deep's attorney started to raise the issue, the District Court stated that the issue was not before it and that Deep would have to litigate it through a malpractice action.  Deep's attorney agreed.  Accordingly, the issue of whether Deep is an equitable owner of the software at issue and is entitled to a constructive trust on the copyright was not adequately

3

raised below. We therefore affirm the District Court's decision with regard to Deep's copyright claim.[3]

II.    Motions

We review the District Court's denial of Deep's Rule 56(d) motion for abuse of discretion, Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003), and will not disturb the District Court's ruling on Deep's motion to strike unless it was "manifestly erroneous," Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999), abrogated on other grounds by Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir. 2000). We affirm the District Court's denial of both of Deep's motions. First, we have already affirmed the District Court's grant of appellees' motion for summary judgment, which raised issues that substantially overlapped with the issues raised in Deep's Rule 56(d) motion. Second, by claiming only that the affidavit of opposing counsel was not based on personal knowledge, Deep failed to show that the District Court's denial of his motion to strike was manifestly erroneous.

---

[3] We note that the District Court did not include the scope of declaratory relief in its judgment in favor of plaintiffs. We construe the applicable declaratory relief as set forth in plaintiffs' memorandum of law in support of their motion for summary judgment: "Plaintiffs therein are not violating any copyright of Deep's, and Deep has no claim under any state law relating to the Subject Assets that is not preempted or barred by the applicable statute of limitation."

We have considered Deep's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                              FOR THE COURT:

                              Catherine O'Hagan Wolfe, Clerk